VEDDER PRICE P.C.
Laura Sack
Michael Goettig
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendants*
*SIMON & SCHUSTER, INC.,*
*POCKET BOOKS and LOUISE BURKE*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**INEZ CAIN a/k/a EVE HALLIBURTON,**

        **Plaintiff,**

-against-

**SIMON & SCHUSTER, INC., POCKET BOOKS, LOUISE BURKE, KAREN HUNTER PUBLISHING, INC., KAREN HUNTER, CHARLES SUITT, SUITT-HUNTER ENTERPRISES, LLC,**

        **Defendants.**

Case No. 11-CV-4460 (SAS)

ECF CASE

<u>**ANSWER**</u>

---

      Defendants Simon & Schuster, Inc. ("S&S"), Pocket Books ("PB") and Louise Burke ("Burke," and referred to collectively with S&S and PB as "S&S Defendants"), by their attorneys, Vedder Price P.C., deny that they discriminated against the plaintiff Inez Cain a/k/a Eve Halliburton ("Cain" or "Plaintiff") on the basis of her race or any other illegal grounds in violation of the Federal Civil Rights Act (42 U.S.C. § 1981) ("Section 1981") or Section 40-c of the New York Civil Rights Law ("Section 40-C"), and, in answer to the particulars of the Complaint, state the following, on behalf only of S&S Defendants, and not on behalf of any other defendant:

1. S&S Defendants deny the unnumbered paragraphs contained in the "Introduction" to the Complaint.

2. S&S Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff purports to assert claims against them under Section 1981 and Section 40-C.

3. S&S Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court under the statutes cited therein.

4. S&S Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Plaintiff purports to place venue in this District.

5. S&S Defendants admit that Plaintiff seeks a jury trial, as set forth in paragraph 4 of the Complaint.

6. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

7. S&S Defendants admit the allegations in paragraph 6 of the Complaint.

8. S&S Defendants deny the allegations in paragraph 7 of the Complaint, except admit that S&S is a Delaware company registered to do business in New York, with a principal place of business at 1230 Avenue of the Americas in New York.

9. S&S Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Pocket Books is an imprint of S&S.

10. S&S Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Burke is employed by S&S.

11. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

12. S&S Defendants deny the allegations in paragraph 11 of the Complaint.

13. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except deny that Karen Hunter is an employee and/or agent of Pocket Books or S&S.

14. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

15. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except deny that Charles Suitt is an employee and/or agent of Pocket Books or S&S.

16. S&S Defendants deny the allegations in paragraph 15 of the Complaint.

17. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

18. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S discussed publishing options with Plaintiff, or that S&S authorized anyone to discuss publishing options with Plaintiff on its behalf.

19. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

20. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S discussed a publishing deal with Plaintiff, or that S&S authorized anyone to discuss a publishing deal with Plaintiff on its behalf.

21. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

22. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S discussed editing, art direction or publication of Plaintiff's book with Plaintiff, or that S&S authorized anyone to discuss editing, art direction or publication of Plaintiff's book with Plaintiff on its behalf.

23. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

24. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except deny that Karen Hunter was

an agent of S&S Defendants, that S&S agreed to edit Plaintiff's book, or that S&S authorized anyone to edit Plaintiff's book on its behalf.

25.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S discussed a publishing deal with Plaintiff, or that S&S authorized anyone to discuss a publishing deal with Plaintiff on its behalf. .

26.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S had agreed to give Plaintiff a $50,000.00 advance, or that S&S had agreed to publish Plaintiff's book.

27.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

28.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

29.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, or that S&S had agreed to publish Plaintiff's book.

30.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

31.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants.

32.     S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, except deny that Karen Hunter was an agent of S&S Defendants, that S&S had agreed that Plaintiff's book "was for a mainstream audience," or that S&S Defendants authorized anyone to make the misrepresentation that S&S "did not create their publishing company for black people."

33.     S&S Defendants deny the allegation in paragraph 32 that Burke is Vice President of S&S, admit that Carolyn Reidy ("Reidy") is the President of S&S, and admit that Plaintiff sent an e-mail to Reidy and Burke on or around June 17, 2008. S&S Defendants respectfully refer the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 32 of the Complaint are inconsistent with that document, S&S Defendants deny them. Further answering, S&S Defendants state that Reidy's full title is President and Chief Executive Officer of S&S.

34.     S&S Defendants deny the allegation in paragraph 33 that Burke is Vice President of S&S, admit that Burke sent an e-mail to Plaintiff on or around June 17, 2008, and respectfully refer the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 33 of the Complaint are inconsistent with that document, S&S Defendants deny them.

35.     S&S Defendants deny the allegation in paragraph 34 that Burke is Vice President of S&S, admit that Burke sent an e-mail to Plaintiff on or around June 20, 2008, and respectfully

refer the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 34 of the Complaint are inconsistent with that document, S&S Defendants deny them.

36. S&S Defendants deny the allegation in paragraph 35 that Burke is Vice President of S&S, admit that Burke spoke with Plaintiff about Plaintiff's interactions with Karen Hunter, and deny knowledge or information sufficient to form a belief that Burke spoke with Plaintiff on June 23, 2008.

37. S&S Defendants admit the allegations in paragraph 36.

38. S&S Defendants deny the allegation in paragraph 37 that Burke is Vice President of S&S, admit that Plaintiff sent an e-mail to Burke on or around July 16, 2008, and respectfully refer the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 37 of the Complaint are inconsistent with that document, S&S Defendants deny them.

39. S&S Defendants deny the allegation in paragraph 38 that Burke is Vice President of S&S, admit that Burke was out of the office on July 16, 2008, and deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 38.

40. S&S Defendants deny the allegation in paragraph 39 that Burke is Vice President of S&S, admit that Burke sent an e-mail to Plaintiff on or around July 17, 2008, and respectfully refer the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 39 of the Complaint are inconsistent with that document, S&S Defendants deny them.

41. S&S Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

42. S&S Defendants deny the allegations in paragraph 41 of the Complaint and, further answering, aver that that Pat Glynn spoke with Plaintiff in March 2011 concerning Plaintiff's interactions with Karen Hunter.

43. S&S Defendants deny the allegations in paragraph 42 of the Complaint, except admit that during the period referenced therein, Ms. Rivlin spoke with two individuals claiming to be attorneys for Plaintiff, and explained to each individual that S&S was aware of no facts that suggested there was any basis for a claim by Plaintiff against S&S Defendants.

44. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except deny that S&S Defendants refused – or agreed – to publish Plaintiff's book, or that S&S Defendants "promot[ed] Plaintiff's book just for an African American audience."

45. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

46. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

47. S&S Defendants deny the allegations in paragraph 46 of the Complaint.

48. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

49. S&S Defendants deny the allegations in paragraph 48 of the Complaint.

50. S&S Defendants deny the allegations in paragraph 49 of the Complaint.

51. S&S Defendants deny the allegations in paragraph 50 of the Complaint.

52. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

53. S&S Defendants deny the allegations in paragraph 52 of the Complaint.

54. S&S Defendants deny the allegations in paragraph 53 of the Complaint.

55. S&S Defendants repeat and reallege the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

56. S&S Defendants deny the allegations in paragraph 55 of the Complaint.

57. S&S Defendants deny the allegations in paragraph 56 of the Complaint.

58. S&S Defendants deny the allegations in paragraph 57 of the Complaint.

59. S&S Defendants deny that Plaintiff is entitled to any of the relief sought in paragraph 58 of the Complaint.

60. S&S Defendants deny the allegations in paragraph 59 of the Complaint.

61. S&S Defendants repeat and reallege the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

62. S&S Defendants deny the allegations in paragraph 61 of the Complaint.

63. S&S Defendants deny the allegations in paragraph 62 of the Complaint.

64. S&S Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

65. S&S Defendants deny the allegations in the "Prayer For Relief," and deny that Plaintiff is entitled to any of the relief sought therein.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or filing periods, and/or by the doctrines of laches, estoppel and/or waiver.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

S&S Defendants' actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause unrelated to Plaintiff's race.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory prerequisites before filing suit.

### FIFTH AFFIRMATIVE DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which S&S Defendants expressly deny, S&S Defendants would have taken the same action for non-discriminatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as S&S Defendants may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet commenced. Accordingly, S&S Defendants reserve the right to supplement the foregoing and to raise additional defenses as the case progresses.

WHEREFORE, Defendants Simon & Schuster, Inc., Pocket Books and Louise Burke respectfully request that the Complaint be dismissed with prejudice and that they be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 23, 2011

Respectfully submitted,

SIMON & SCHUSTER, INC.,
POCKET BOOKS and LOUISE BURKE

By:   s/ Laura Sack
By Their Attorneys

Laura Sack (LS 5501)
Michael Goettig (MG 3771)
Vedder Price P.C.
1633 Broadway
47th Floor
New York, New York  10019
(212) 407-7700