UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

INEZ CAIN a/k/a
EVE HALLIBURTON,

      Plaintiff,

v.

SIMON & SCHUSTER, INC., POCKET
BOOKS, LOUISE BURKE, KAREN
HUNTER PUBLISHING, INC.,
KAREN HUNTER, CHARLES SUITT,
and SUITT-HUNTER ENTERPRISES,
LLC,

      Defendants.

INDEX NO.: 11-CIV-4460 (SAS)

**SCHEDULING ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/61/12

SHIRA A. SCHEINDLIN, U.S.D.J.

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on January 3, 2012 (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)    the date of the conference and the appearances for the parties:

January 30, 2012

Brian Dratch on behalf of the Plaintiff

Laura Sack and Michael Goettig, Vedder Price P.C., on behalf of Simon & Schuster, Inc., Pocket Books and Louise Burke ("S&S Defendants")

(2)    the date by which automatic disclosures will be exchanged;

Plaintiff and S&S Defendants will exchange automatic disclosures ~~within 20 days after receipt of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action.~~ by March 5, 2012

(3)    a concise statement of the issues as they then appear;

The Complaint filed by Inez Cain a/k/a Eve Halliburton ("Plaintiff") alleges that the defendants intentionally discriminated against her on the basis of her race in violation of 42 U.S.C. 1981 and Section 40-C of the New York State Civil Rights Law. It names seven defendants, one of whom is Karen Hunter. According to the Complaint, Plaintiff and Ms. Hunter entered into negotiations in the spring and summer of 2008 for publication of a novel that Plaintiff had authored. Allegedly, Ms. Hunter represented to Plaintiff that Simon & Schuster, Inc. wished to offer her a $50,000 advance in exchange for publication rights of the novel. Ms. Hunter also allegedly suggested that Plaintiff's novel be marketed to African American audiences, a marketing strategy with which Plaintiff disagreed. During this discussion, which allegedly took place on June 16, 2008, the Complaint alleges that Ms. Hunter commented that "Simon & Schuster did not create their publishing company for black people." In answering these allegations, the S&S Defendants denied that Simon & Schuster, Inc. had agreed to publish Plaintiff's novel, denied that Ms. Hunter was an agent of any of the S&S Defendants, and lacked knowledge or information sufficient to address the allegations concerning what Ms. Hunter may have told Plaintiff.

(4) a schedule including:

    (a) the names of persons to be deposed and the schedule of planned depositions;

*[handwritten margin note: all deps by 8/1]*

The parties jointly agree that all depositions shall proceed during the period between 60 and 120 days after receipt of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action.

S&S Defendants will take the deposition of Plaintiff. Plaintiff and S&S Defendants believe they will be better suited to identify other individuals after receiving responses to initial disclosures and each party's first request for production of documents and first set of interrogatories.

    (b) a schedule for the production of documents;

*[handwritten margin note: doc reqs by 3/1, Resp. 4/1]*

Plaintiff and S&S Defendants will exchange initial document requests within 30 days of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action. Plaintiff and S&S Defendants will respond to said document requests within 30 days of receipt.

    (c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

Plaintiff will provide expert reports, if any, to the S&S Defendants within 90 days of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action. Deposition of Plaintiff's experts, if any, shall be completed within 120 days of the Court's order issuing a determination on

S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action.

The S&S Defendants will provide expert reports, if any, to Plaintiff within 150 days of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action. Deposition of Plaintiff's experts, if any, shall be completed within 180 days of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action.

(d)   time when discovery is to be completed;

Discovery is to be completed within 210 days of the Court's order issuing a determination on S&S Defendants' motion for judgment on the pleadings, in the event that the Court's order does not dismiss the S&S Defendants from this action.

(e)   the date by which Plaintiff will supply its pre-trial order matters to Defendant;

Plaintiff will supply her pre-trial order matters to S&S Defendants within thirty days after the decision is entered in connection with the S&S Defendants' anticipated motion for summary judgment.

(f)   the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

[handwritten: to be set at the final conference]

The parties will submit a pre-trial order, trial briefs and proposed voir dire questions and proposed jury instructions within ninety days after the decision is entered in connection with the S&S Defendants' anticipated motion for summary judgment.

(g)   a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

[handwritten: Aug 13 at 4:30]

(5)   a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

Plaintiff and the S&S Defendants will enter into a confidentiality stipulation governing the treatment of confidential documents and information in the event that the Court's order does not dismiss the S&S Defendants from this action.

NEWYORK/#288034.1

(6)     a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

None at this time.

(7)     anticipated fields of expert testimony, if any;

Not known at this time.

(8)     anticipated length of trial and whether to court or jury;

Plaintiff has demanded a jury trial. The length of the trial is not known at this time.

(9)     the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference when justice so requires;

FRANZBLAU DRATCH P.C.

By: _____
Brian Dratch
233 Broadway, Suite 2701
New York, NY 10279
Tel: (212) 571-1808
Fax: (212) 732-1339

*Attorneys for Plaintiff
Inez Cain*

Dated: January __, 2012

VEDDER PRICE P.C.

By: *Laura Sack*
Laura Sack (LS 5501)
Michael Goettig (MG 3771)
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Direct Dial: 212-407-6964
Fax: 212-407-7799

*Attorneys for Defendants
Simon & Schuster, Inc., Pocket Books and
Louise Burke*

Dated: January 30, 2012

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

1/30/12