UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

INEZ CAIN a/k/a EVE HALLIBURTON  Index No.

    Plaintiff,

  -against-      **AMENDED COMPLAINT**

SIMON & SCHUSTER, INC. and
KAREN HUNTER

    Defendant.

---------------------------------------------------X

  Plaintiff complaining of the defendants by her attorneys, FRANZBLAU DRATCH, P.C. respectfully alleges upon information and belief as follows:

## INTRODUCTION

  1. This is a civil action seeking monetary relief (including, but not limited to, past and future economic loss, compensatory and punitive damages, disbursements, costs and fees) for violation of plaintiff's civil rights pursuant to 42 U.S.C. §§ 1981 as well as violation of New York City Human Rights law.

  2. Specifically the plaintiff alleges the defendants, wantonly, willfully, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other, sought to deprive plaintiff the right to publish her book through a pattern of discrimination based upon her race.

## JURISDICTION AND VENUE

  3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec 1983 pursuant to 28 U.S.C. Sec 1331 and Sec 1342(c)

  4. The Court has supplemental jurisdiction over plaintiff's state law

claims pursuant to 28 U.S.C. Sec. 1367

5.   Venue is appropriate in this district as the cause of action occurred in New York City, New York.

## THE PARTIES

6.   Plaintiff, Inez Cain a/k/a Eve Haliburton (hereinafter "plaintiff") is an African-American author.  Plaintiff writes under the name of Eve Halliburton. Plaintiff resides in the State of New Jersey.

7.   Upon information and belief, Simon & Shuster, Inc.  (hereinafter "S&S") is a corporation organized and existing under the laws of the State of Delaware with its principle place fo business located at 1230 Avenue of the Americas, 11th Floor, New York, New York 10020

8.   Upon information and belief, at all relevant times herein, Karen Hunter (hereinafter "Hunter") is an agent/employee of S&S.  Defendant Hunter resides in West Orange, New Jersey.

## FACTS COMMON TO ALL ALLEGATIONS IN THE COMPLAINT

9.   In or around December of 2006, plaintiff wrote her first novel entitled THE DIARY OF A MAD LEGAL SECRETARY (hereinafter "the book") under the name Eve Haliburton.

10.  In or around early 2008, plaintiff's friend submitted The book to an individual at S&S for publication consideration.

11.  In response to the submission, in March of 2008, plaintiff received an e-mail from Hunter on behalf of S&S indicating that she had received the book and was interested in having the book published with S&S and a book tour.

12.  Over the next month, plaintiff and Hunter arranged for an in person meeting to go over the specifics regarding publication of the book.

13. In or around April of 2008, a meeting took place between plaintiff and Hunter.

14. During that meeting, Hunter on behalf of S&S offered plaintiff a $50,000 book advance. Hunter further discussed the tentative release date which would be Secretary's Day, September 2009.

15. On or about April 9, 2008, plaintiff received an email from Hunter indicating that it was a pleasure meeting plaintiff.

16. On or about April 12, 2008, plaintiff received another email from Hunter on behalf of S&S that made suggestions regarding editing The book as well as art direction for the book.

17. In or about April 14, 2008, plaintiff responded to Hunter and agreed to the suggestions of Hunter.

18. In or about April 29, 2008 to May 1, 2008, Hunter on behalf of S&S indicated to plaintiff that S&S was having financial difficulty and was unable to meet its promise of paying plaintiff a $50,000 advance and said advance would have to be reduced to $10,000.00.

19. On or about May 6, 2008, Hunter informed plaintiff that S&S would pay the $50,000.00 advance and would keep its original promise. Hunter also informed plaintiff that the Business Affairs Department of S&S was preparing the contract for execution.

20. On or about June 16, 2008, plaintiff called Hunter on the telephone to inquire about the contract. Hunter informed plaintiff that she decided on behalf of S&S that the book, originally to be published for a mainstream audience, was going to be geared to a network of African-American writers only. Plaintiff disagreed with this approach.

21.     Hunter on behalf of S&S told plaintiff that S&S "did not create a publishing company for people that looked like her." Plaintiff inquired what Hunter meant by such a statement to which Hunter replied "S&S did not create their publishing company for black people."

22.     Plaintiff then contacted Louise Burke of S&S to inform her what Hunter told plaintiff regarding S&S's polices of not publishing authors who are African-American

23.     Ms. Burke informed plaintiff that she was responsible for Hunter and that Hunter had the authority from S&S to deny plaintiff's book publication consideration.

### AS AND FOR THE FIRST CAUSE OF ACTION
(**VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**)

24.     Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

25.     Hunter, as an agent and/or employee of S&S, violated plaintiff's civil rights in failing to consider the publication of The book to a mainstream audience as

initially proposed.

26.     Upon information and belief, when Hunter met plaintiff and discovered the color of her skin, Hunter on behalf of S&S altered the original agreement because of S&S's discriminatory practices.

27.     Due to S&S and Hunter's intentional, willful conduct in discriminating against plaintiff due to her race, plaintiff has been damaged.

28.     As a result of said defendant's discriminatory and wrongful conduct alleged herein, which conduct was intentional, willful and without justification,

Plaintiff was deprived of her rights and has incurred damages in an amount to be proven at trial.

29. As a result of said defendant's discriminatory and wrongful conduct alleged herein, plaintiff is now suffering and will continue to suffer, irreparable harm and injury from said defendant's actions, policies practices and customs as set forth herein.

30. As a result of said defendant's discriminatory and wrongful conduct alleged herein, plaintiff has suffered extreme mental anguish, emotional distress, humiliation and embarrassment.

31. By reason of the foregoing, the defendant's are liable to the plaintiff for liquidated damages, punitive damages, attorney's fees and costs.

## AS AND FOR THE FIRST CAUSE OF ACTION
## <u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>

32. Plaintiff repeats and reallegs each allegation contained in the foregoing paragraphs as if full set forth herein.

33. Plaintiff has been intentionally and willfully discriminated against and has been denied by S&S and Hunter the ability to publish The Book due to her race in violation of the The New York City Human Rights Law.

34. The conduct of S&S and Hunter in causing plaintiff's book not to be published due to her race was contrary to an in violation of the The New York City Human Rights Law.

35. As a result of said defendant's discriminatory and wrongful conduct alleged herein, which conduct was intentional, willful and without justification, Plaintiff was deprived of her rights and has incurred damages in an amount to be proven at trial.

36. As a result of said defendant's discriminatory and wrongful conduct alleged herein, plaintiff is now suffering and will continue to suffer, irreparable harm and injury from said defendant's actions, policies practices and customs as set forth herein.

37. As a result of said defendant's discriminatory and wrongful conduct alleged herein, plaintiff has suffered extreme mental anguish, emotional distress, humiliation and embarrassment.

38. By reason of the foregoing, the defendant's are liable to the plaintiff for liquidated damages, punitive damages, attorney's fees and costs.

## AS AND FOR THE THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT)

39. Plaintiff and S&S agreed that The Book would be published by S&S and that plaintiff would receive a $50,000 advance for said publication.

40. Plaintiff performed all obligations required pursuant to the agreement.

41. S&S and Hunter breached the agreement in that the book did not get published and that plaintiff never received the $50,000.00 advance.

42. As such, plaintiff has been damaged due to S&S and Hunter's breach of the agreement.

**WHEREFORE,** Plaintiff demands the following relief against Defendants:

A. An award of actual damages, in an amount to be proved at trial, for loss of wages due to the publication of the book;

B. An award of damages in an amount to be proved at trial, to compensate Plaintiff for mental anguish, extreme emotional distress, humiliation, and embarrassment

C. An award of punitive damages in an amount to be proved at trial;

    D.    An award of disbursments and costs of the action brought herein;

    F.    An award of attorneys' fees; and

    G.    Such other relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demands a trial by jury with respect to the above matter.

DATED: NEW YORK, NEW YORK
       February 13, 2012

                            FRANZBLAU DRATCH, P.C.
                            *Attorneys for Plaintiff*

                            BY: /s/Brian M. Dratch
                              Brian M. Dratch
                              233 Broadway, Suite 2701
                              New York, New York 10279