YANKWITT & McGUIRE, LLP
Russell M. Yankwitt, Esq.
140 Grand Street, Suite 501
White Plains, New York 10601
(914) 686-1500
*Attorneys for Defendant*
*Karen Hunter*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

INEZ CAIN a/k/a EVE HALLIBURTON,

               Plaintiff,

-against-

SIMON & SCHUSTER, INC. and
KAREN HUNTER,

               Defendants.

Case No. 11-CV-4460 (SAS)

ECF CASE

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT KAREN HUNTER'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Karen Hunter ("Ms. Hunter"), by her attorneys, Yankwitt & McGuire, LLP, respectfully submits this memorandum of law in support of her motion to dismiss the Amended Complaint of Inez Cain ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff brings three causes of action all stemming from her specious claim that Ms. Hunter, a prominent African-American author and editor – who has spent her career writing and helping publish books written by African-American and for African-Americans – somehow discriminated against her on the ground that Plaintiff is also African-American. This claim not only obviously lacks all common sense, but is unsustainable as a matter of law for the following three reasons:

First, the Court should dismiss Plaintiff's Section 1981 claim because Plaintiff fails to allege with any sufficiency that Ms. Hunter discriminated against her on the basis of their shared race. Second, the Court should dismiss Plaintiff's breach-of-contract claim because Plaintiff fails to allege that there was a valid and binding contract between the parties. Specifically, Plaintiff fails to allege that the parties reached an agreement concerning the material elements of their alleged contract or that Plaintiff accepted the purported offer of publication. Third, the Court should dismiss Plaintiff's New York City Human Rights Law claim because that claim is time barred and because Plaintiff fails to allege that Ms. Hunter engaged in any of the practices prohibited by the Human Rights law. Accordingly, the Court should dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief may be granted.

## RELEVANT ALLEGATIONS

For purposes of this motion to dismiss only, Ms. Hunter takes as true the facts set forth in the Amended Complaint. According to the Amended Complaint, in March 2008, Plaintiff submitted her novel, *The Diary of A Mad Legal Secretary* (the "Novel"), which she wrote under

the pseudonym Eve Halliburton, to an unidentified individual at Simon & Schuster, Inc. ("S&S") to be considered for publication. (*Am. Compl.* ¶¶ 9-10.) That same month, Ms. Hunter, an African-American author and agent of S&S, allegedly contacted Plaintiff to express interest in "having the book published with S&S and a book tour." (*Id.* ¶¶ 8, 11.) Plaintiff and Ms. Hunter met in person for the first and only time in or around April 2008. (*Id.* ¶ 13.) Plaintiff alleges that, "[d]uring that meeting, Hunter on behalf of S&S offered [P]laintiff a $50,000 book advance," and discussed a "tentative" release date for the Novel. (*Id.* ¶ 14.) Plaintiff does not allege that she accepted Ms. Hunter's alleged offer at any point. (*See id., generally).*

In early April, Ms. Hunter allegedly sent e-mails to Plaintiff concerning their meeting and offering editorial suggestions concerning the Novel. (*Id.* ¶¶ 15-16.) On or around April 14, 2008, Plaintiff allegedly responded to Ms. Hunter's e-mails, and agreed with Ms. Hunter's editorial suggestions. (*Id.* ¶ 17.)

Thereafter, Plaintiff alleges that Ms. Hunter represented to Plaintiff that S&S was "unable to meet its promise" to pay a $50,000 advance, and instead was reducing the amount of the advance to $10,000. (*Id.* ¶ 18.) However, on or around May 6, 2008, Ms. Hunter allegedly informed Plaintiff that S&S was once again willing to offer her an advance of $50,000., and that S&S's Business Affairs Department "was preparing the contract for execution." (*Id.* ¶ 19 )

On June 16, 2008, Ms. Hunter allegedly informed Plaintiff that the Novel, "originally to be published for a mainstream audience, was going to be geared to a network of African American writers only." (*Id.* ¶ 20.) Plaintiff disagreed with this marketing approach. (*Id.*) Plaintiff then unabashedly claims that Ms. Hunter, an African-American, told her that S&S "did not create a publishing company for . . . black people." (*Id.* ¶ 21.)

At some unspecified time thereafter, Plaintiff allegedly contacted Louise Burke of S&S to inform her about these events, and Ms. Burke stated that "[Ms.] Hunter had the authority from S&S to deny [P]laintiff's book publication consideration." (*Id.* ¶¶ 22-23.)

Plaintiff bases her claims on ridiculous factual allegations, coupled with legal arguments that have no merit. In support of the First Cause of Action ("Violation of Plaintiff's Civil Rights"), Plaintiff asserts that Ms. Hunter's alleged proposal to market the Novel to an African-American demographic constitutes intentional race-based discrimination, presumably in violation of Section 1981,[1] in failing to consider the publication of the Novel to a mainstream audience. (*Id.* ¶ 25.) In support of the Second Cause of Action ("Violation of the New York City Human Rights Law"), Plaintiff asserts that, by allegedly denying Plaintiff the ability to publish the Novel for purportedly race-based reasons, Ms. Hunter violated the New York City Human Rights Law. (*Id.* ¶¶ 33-34.) In support of her Third Cause of Action, Plaintiff asserts that Ms. Hunter agreed that S&S would publish the Novel and pay Plaintiff a $50,000 advance, and S&S breached its alleged contract with Plaintiff by failing to publish the Novel or pay the advance. (*Id.* ¶¶ 39-41). Plaintiff's allegations fail to withstand a Rule 12(b)(6) motion.

## ARGUMENT

**I.    THE APPLICABLE MOTION TO DISMISS STANDARD.**

As set forth in S&S's motion to dismiss, a complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 43-

---

[1] While Plaintiff fails to refer to any statute in her First Cause of Action, the first paragraph of the Amended Complaint asserts that Plaintiff seeks damages "for violation of [her] civil rights pursuant to 42 U.S.C. §§ 1981 as well as violation of New York City Human Rights law." (Am. Compl. ¶ 1.) As the Second Cause of Action asserts a violation of the New York City Human Rights Law, it appears that the First Cause of Action is asserted pursuant to Section 1981.

44 (2d Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)).  A plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a claim."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's "bare averment that [s]he wants relief and is entitled to it" is not enough to withstand a motion to dismiss.  *Twombly*, 550 U.S. at 555 n.3 (citation and internal quotations omitted).  "If the allegations in the complaint do not "nudge[] [the plaintiff's] claims of invidious discrimination across the line from conceivable to plausible," the complaint should be dismissed.  *Id*. at 552.  Finally, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (*quoting Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## II.   PLAINTIFF FAILS TO PLEAD A VIOLATION OF SECTION 1981.

Plaintiff alleges that Ms. Hunter offered Plaintiff a $50,000 advance in exchange for publication rights with respect to the Novel (Am. Compl. ¶¶ 14, 18-19, 39), but that Plaintiff disagreed with S&S's proposal to market the Novel to "a network of African-American writers only" (*id*. ¶ 20).  As a matter of law, these contentions do not state a claim under Section 1981.  Furthermore, Plaintiff's allegations are illogical in that Ms. Hunter, an African-American author, discriminated against Plaintiff on the ground that she is also African-American.  Accordingly, Plaintiff's Section 1981 claim should be dismissed.

<u>First</u>, Plaintiff fails to allege facts sufficient to infer that Ms. Hunter, an African-American author and agent, was motivated by racial discrimination.  This mandates dismissal of Plaintiff's Section 1981 claim.  (*See* Mem. of Law in Supp. of Def. S&S's Mot. To Dismiss Am. Compl. ("S&S Mem.") at 12-14.)

<u>Second</u>, Plaintiff's assertion that Ms. Hunter, deprived Plaintiff of the right to enter into a contract for the publication of the Novel because of Plaintiff's race makes no sense in light of the relevant allegations in the Amended Complaint.  (*See* S&S Mem. at 14-15.)  Therefore, the Court

should dismiss Section 1981 claim.

### III. PLAINTIFF'S NEW YORK CITY HUMAN RIGHTS LAW CLAIM MUST BE DISMISSED.

Plaintiff fails to point to a specific provision of the NYCHRL that Ms. Hunter allegedly violated, and instead merely lists the scope of practices prohibited by the NYCHRL, none of which are applicable to her allegations. (*See* S&S Mem. at 5-7.) Hence, Plaintiff's NYCHRL claim must be dismissed for failure to state a claim.

Moreover, even if Plaintiff's claim were covered by the NYCHRL, it must be dismissed because it was filed outside the three-year statute of limitations. (*See* S&S Mem. at 7.)

### IV. PLAINTIFF FAILS TO PLEAD A CLAIM SOUNDING IN BREACH OF CONTRACT.

Plaintiff also fails to allege facts sufficient to show that an enforceable contract existed between her and Defendants, and thus the Court should dismiss the breach-of-contract claim. (*See* S&S Mem. 8-9.)

First, Plaintiff's allegations demonstrate that she and Defendants *never* reached an agreement concerning the material terms of the alleged contract between them. Due to the absence of a "meeting of the minds," no contract exists. (*See* S&S Mem. at 8-9.)

Second, Plaintiff fails to allege that she agreed to the terms proposed by Ms. Hunter at their April 2008 meeting. Absent such acceptance, Plaintiff fails to plead that she entered into a valid and binding contract with either Defendant. (*See* S&S Mem. at 10-11.) Therefore, the Court should dismiss Plaintiff's breach-of-contract claim.

## **CONCLUSION**

For the foregoing reasons, defendant Ms. Hunter respectfully requests that the Court grant her Motion to Dismiss and dismiss the Amended Complaint in its entirety, and award to Ms. Hunter such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
April 18, 2012

                                    Respectfully submitted,

                                    YANKWITT & McGUIRE, LLP

                      By:   /s/                        
                                    Russell M. Yankwitt, Esq.
                                    140 Grand Street, Suite 501
                                    White Plains, New York 10601
                                    Telephone:  (914) 686-1500
                                    Facsimile:  (914) 801-5930
                                    russell@yankwitt.com
                                    *Attorneys for Defendant*
                                    *Karen Hunter*