UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
X
INEZ CAIN a/k/a EVE HALLIBURTON        Index No. 11cv4460(SS)(HP)

      Plaintiff,

    -against-

SIMON & SCHUSTER, INC. and
KAREN HUNTER

      Defendant.
---------------------------------------------------
X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

   Plaintiff, Inez Cain, a/k/a Eve Halliburton, submits the memorandum of law in opposition to each of the defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P 12(b)(6).  Plaintiff will respond to both motions in one memorandum as both of defendants' motions make the similar arguments.

**The Standard for a Rule 12(b)(6)**

   A court may dismiss an action pursuant to Rule 12(b)(6), only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.  Jaghory v. New York State Dep't of Educ. 131 F.3d 326, 329 (2nd Cir. 1997).  The court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff.  Id. General conclusory allegations need not be credited, however, when they are belied by more specific examples of the

complaint. Hirsch v. Arthur Anderson & Co. 72 F.3d 1085 1092 (2nd Cir. 1995).

Plaintiff maintains that based upon the standard set forth above, plaintiff has pled a cognizable claim or claims that must withstand the motions to dismiss. In the alternative, plaintiff would request a chance to re-plead should the court find that the Amended Complaint fails to state a cause of action in its present form.

**The Amended Complaint**

For purposes of the motion, all allegations in the amended complaint are true. Plaintiff will reiterate briefly the pertinent facts of the amended complaint herein:

Plaintiff, an author, wrote a book entitled, The Diary of a Mad Legal Secretary under the pen name Eve Haliburton. In 2008, plaintiff submitted the book to defendant, Simon & Schuster, Inc. (hereinafter referred to as "S&S"). In March of 2008, plaintiff was contacted by defendant Karen Hunter, (hereinafter referred to as "Hunter") on behalf of S&S *via* email.

Hunter informed plaintiff that S&S was interested in publishing the book as well as initiating a book tour.

In April of 2008, plaintiff and Hunter had a in person meeting. It was at this meeting that Hunter discovered that plaintiff was African-American. Furthermore, during that meeting, Hunter offered plaintiff a $50,000 book advance *which plaintiff accepted* and informed plaintiff that the book would be released to the public in September of 2009.

Over the course of the next several months, plaintiff and Hunter exchanged emails concerning the book, including, but not limited to, editing plaintiff's book for

publication.

On or about June 16, 2008, plaintiff received a telephone call from Hunter indicating that the S&S has decided not to publish the book to a mainstream audience and, instead, intended on limiting the book to a African-American audience only. S&S was going to publish the book using one of its "imprints" of which Hunter is associated. Hunter explained to plaintiff that S&S "did not create a publishing company for people that looked like her" and when plaintiff requested clarification, Hunter replied, that "S&S did not create their publishing company for black people."

Understandably, plaintiff was upset and contacted S&S who informed plaintiff that Hunter had the authority to make decisions on behalf of S&S and if Hunter decided that the book was to be published to only an African-American audience then the decision was final.

Plaintiff commenced this action *pro se* which complaint was later amended. The defendants' now seek to dismiss the amended complaint.

## LEGAL ARGUMENT

### PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. §1981 IS COGNIZABLE UNDER THE FACTS PRESENTED

42 U.S.C. § 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties taxes, licenses and exactions of every kind , and to no other.

In order to establish claim based on [Section 1981], the plaintiff must show . . .that the defendant discriminated against him on the basis of race . . . that [the] discrimination was intentional . . . and that the discrimination was a "substantial" or "motivating factor" for the defendant's actions. <u>Tolbert v. Queens College</u> 242 <u>F.3d</u> 58, 69.  42 U.S.C. 1981(b) defines "make and enforce contracts" to include "the enjoyment of all benefits and privileges, terms, and conditions of the contractual relationship.  As stated by the Supreme Court in <u>Domino's Pizza v. McDonald</u>, 546 <u>U.S.</u> 470, 476, 126 <u>S. Ct.</u> 1246, 163 <u>L.Ed. 2d</u> 1069:

> We have never retreated from what should be obvious from reading the text of the statute: Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as plaintiff has or would have rights under existing or proposed contractual relationship.

Plaintiff has alleged, which allegations are true, for purposes of this motion, that Hunter as an agent for S&S, blocked plaintiff's book deal [contractual relationship] with S&S due to the color of plaintiff's skin.   The statements made by Hunter which would be evidence of direct intentional discrimination blocked the creation of a contractual relationship, which contract would have created rights to plaintiff under the contract.    Plaintiff's amended complaint is the very essence of a violation of Section 1981 claim.

Plaintiff's amended complaint has alleged a violation of 42 <u>U.S.C.</u> § 1981 by the defendants and as such the motion to dismiss must be denied.

**HUMAN RIGHTS LAW**

Plaintiff recognizes that New York State Human Rights law does not afford plaintiff a cause of action and therefore voluntarily dismisses same.

**BREACH OF CONTRACT**

Plaintiff's supplemental common law cause of action, alleges that, Hunter's offer on behalf of S&S for a $50,000 book advance and S&S's agreement to publish the book under S&S's name which was accepted by plaintiff creates a contract between the parties entitling plaintiff to damages for defendants' breach of same.

It is well settled in New York that the elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendants; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damages. Atkinson v. Mobil Oil Corp, 205 A.D.2d 719, 720 (2nd Dept 1994).

Here, plaintiff has alleged that Hunter, on behalf of, S&S, offered to publish plaintiff's book with a book tour and a $50,000 advance. This was accepted by plaintiff and plaintiff performed under the contract by providing the book. Plaintiff was further ready willing and able to perform under the terms of the book tour. Defendant failed to comply with the terms of the contract in failing to publish the book and in failing to provide plaintiff with the $50,000.00 book advance. Plaintiff has sufficiently alleged a cause of action for a breach of contract to withstand the motion to dismiss.

**CONCLUSION**

For all of the foregoing reasons, plaintiff's respectfully requests that the motions be denied in their entirety and that this matter proceed with discovery.

DATED: NEW YORK, NEW YORK
       May 15, 2012

                              FRANZBLAU DRATCH, P.C.
                              *Attorneys for Plaintiff*


                              BY: <u>/s/Brian Dratch</u>
                                  Brian M. Dratch
                                  233 Broadway, Suite 2701
                                  New York, New York 10279