# VEDDER PRICE.

MICHAEL GOETTIG
+1 (212) 407-7781
mgoettig@vedderprice.com

VEDDER PRICE P.C.

1633 BROADWAY, 47TH FLOOR

NEW YORK, NEW YORK 10019

T: +1 (212) 407 7700

F: +1 (212) 407 7799

CHICAGO • NEW YORK • WASHINGTON, DC • LONDON

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/12/12]

December 11, 2012

**VIA FACSIMILE**

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

[Handwritten note: A teleconference is scheduled for 12pm on December 17, 2012. Parties should call in jointly to the main line (212) 805-0246. So Ordered 12/12/12 /s/ Shira A. Scheindlin USDJ]

Re: Cain v. Simon & Schuster et al, No. 11-CV-4460 (SAS)

Your Honor:

As counsel for defendant Simon & Schuster ("S&S"), we write in accordance with the Court's individual rules of practice to request an order compelling plaintiff Inez Cain ("Plaintiff") to comply with her discovery obligations. Despite S&S's repeated attempts over the course of many weeks to resolve this matter without judicial intervention, Plaintiff has failed to produce documents and information responsive to S&S's discovery requests. Accordingly, we are compelled to write to the Court to avoid further delay in S&S's defense as to the allegations in the Amended Complaint.

## Summary of Plaintiff's Allegations

Plaintiff's Amended Complaint asserts a solitary claim of intentional race discrimination under Section 1981 against two defendants: S&S and Karen Hunter ("Hunter"), a black woman who is not an employee of S&S, and who was not acting as an agent of S&S in connection with the events at issue in this action. The Section 1981 claim is based on a set of assertions concerning Cain's alleged interactions with Hunter regarding her first novel, The Diary of a Mad Legal Secretary (the "Novel"). Cain contends that Hunter made the decision to market the novel to "a network of African-American writers only" (Amended Complaint ¶ 20) upon discovery of "the color of [Cain's] skin." (Amended Complaint ¶¶ 25-26.) Cain further contends that Hunter allegedly said that "S&S did not create their publishing company for black people" (Amended Complaint ¶ 21). It is on this set of allegations that Plaintiff seeks damages in an unspecified amount resulting from S&S's alleged failure to publish the Novel for purportedly race-based reasons.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales.

NEWYORK/#308434.1

# VEDDER PRICE

Hon. Shira A. Scheindlin
December 11, 2012
Page 2

## Procedural Background

On September 14, 2012, S&S served upon Cain its first set of interrogatories and requests for documents, responses to which were due by October 15 pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure. After Plaintiff failed to produce documents and interrogatory responses on that date, S&S made at least five written requests for their production between October 22 and November 21. Plaintiff responded to none of those requests.

Finally, on November 28, 2012, more than six weeks after the deadline set forth in the Federal Rules of Civil Procedure and two weeks after the deadline set forth in the Court's August 16, 2012 Scheduling Order, Plaintiff produced a deficient and incomplete set of responses to S&S's discovery requests. By letter dated November 30, 2012, we advised Plaintiff's counsel of these deficiencies and requested that Plaintiff immediately comply in full with her discovery obligations in light of Plaintiff's upcoming December 18, 2012 deposition date (which had already been postponed due to her delinquency in providing any responses to defendants' discovery requests). Plaintiff's counsel has not responded to that letter, despite subsequent written requests that he do so.

## Deficiencies in Plaintiff's Discovery Responses

### Responses to Document Requests

In response to seven of S&S's requests for the production of documents, Plaintiff provided no proper response whatsoever, but instead stated only that the documents were "to be provided" at some unspecified later date. To date, Plaintiff has failed to either provide the requested documents or interpose an objection to them. Additionally, in response to S&S's request for a copy of the Novel, Plaintiff has produced only the first twenty-two pages, with a representation that "The rest [is] to be provided under separate cover," again with no date specified. Accordingly, we request entry of an Order compelling the immediate production of documents responsive to these requests.

S&S has learned that the e-mail address diaryofamadlegalsecretary@gmail.com has been established for the purpose of marketing the Novel, and consequently requested the production of all communications sent to or from that e-mail address. Plaintiff has objected to this request on the grounds of overbreadth and vagueness. This request is neither overbroad nor vague, but is instead directly relevant to the issue of Plaintiff's damages. Accordingly, we respectfully request an order compelling the production of communications sent to or from the e-mail address diaryofamadlegalsecretary@gmail.com.

NEWYORK/#308434.1

# VEDDER PRICE

Hon. Shira A. Scheindlin
December 11, 2012
Page 3

**Responses to Interrogatories**

Local Civil Rule 26.3(c)(3) reads, "When referring to a person [in a discovery request], 'to identify' means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." Plaintiff has failed to provide this information for each person identified in Plaintiff's responses to S&S's interrogatories.

S&S's Interrogatory No. 7 seeks information concerning sales of copies of The Diary of a Mad Legal Secretary ("the Novel") from January 1, 2006 to the present. In response, Plaintiff has provided information in the aggregate concerning the two-year period from 2006 to 2008. Accordingly, we request an Order compelling Plaintiff to respond completely to Interrogatory No. 7 by "(a) stat[ing] separately by year from January 1, 2006 to present the total number of copies of the Novel that have been sold; and (b) stat[ing] separately by year from January 1, 2006 to present the total revenue generated by sales of the Novel."

Finally, Plaintiff has not signed the interrogatory responses as required by Rule 33(b)(5) of the Federal Rules of Civil Procedure.

Accordingly, we respectfully request entry of an Order compelling Plaintiff's compliance with her obligations under Rule 33(b) of the Federal Rules of Civil Procedure.

## Conclusion

It is only after repeated unsuccessful attempts to communicate directly with Plaintiff's counsel concerning her discovery obligations that we now seek the Court's intervention on this issue. The deposition schedule agreed to by the parties has already been adjusted once because of Plaintiff's delinquency in responding to discovery requests, and Plaintiff's rescheduled deposition date of December 18 is fast approaching. Accordingly, we respectfully request an order from the Court compelling Plaintiff's immediate compliance with her discovery obligations.

Very truly yours,

Michael Goettig

cc:   Brian Dratch, Esq. (by fax)
      Russell Yankwitt (by fax)