**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

**INEZ CAIN a/k/a EVE HALLIBURTON,**

              **Plaintiff,**

    **- against -**

**SIMON & SCHUSTER, KAREN HUNTER**
**and KAREN HUNTER PUBLISHING,**
**INC.,**

             **Defendants.**

------------------------------------------------------X

**OPINION AND ORDER**

**11 Civ. 4460 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Inez Cain, now proceeding *pro se*[1] brings this action against

defendants Simon & Schuster ("S&S"), Karen Hunter and Karen Hunter

Publishing, Inc ("KHP").  Cain alleges race discrimination under section 1981 of

Title 42 of the United States Code ("Section 1981")[2] with regard to the publishing

of her first novel, *The Diary of a Mad Legal Secretary* (the "Book").  Defendants

---

[1]    Plaintiff's attorney, Brian Dratch, was relieved as counsel on February 1, 2013.  *See* Docket No. 55.

[2]    The Amended Complaint asserted additional claims of violation of New York City and State Human Rights Law and breach of contract.  The breach of contract claim was dismissed in this Court's July 3, 2012 Opinion and Order. *See Cain v. Simon & Schuster*, No. 11 Civ. 4460, 2012 WL 2574747 (S.D.N.Y. July 3, 2012).  Plaintiff has voluntarily withdrawn the New York City and State Human Rights claims.  *See* Docket No. 32.

now move to dismiss Cain's Amended Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and failure to comply with the Court's discovery Order pursuant to Federal Rule of Civil Procedure 37(b)(2).  For the following reasons, defendants' motion is denied.

## II.    BACKGROUND[3]

### A.    Factual Background

In December 2006, Cain, an African-American author, wrote her first novel under the name Eve Halliburton.[4]  The Book was submitted to S&S to be considered for publication.  In March 2008, Cain received an e-mail from Karen Hunter on behalf of S&S indicating that she had read the Book and was interested in having it published by S&S with an accompanying book tour.[5]  In April 2008, Cain and Hunter met to discuss the Book.  Cain was offered a $50,000 advance and a tentative release date of Secretary's Day in September 2009.[6]  Over the next

---

[3]     The following facts are drawn from the Amended Complaint ("Compl." or "Complaint") and are presumed to be true for purposes of this motion.

[4]     *See* Compl. ¶ 6.

[5]     *See id.* ¶ 11.

[6]     *See id.* ¶¶ 13-14.

month, there were several e-mail exchanges with editing suggestions, the actual amount of the advance, as well as art direction for the Book.[7]

On June 16, 2008, Cain spoke with Hunter on the phone to inquire about the contract.[8]  Cain alleges that Hunter decided, on behalf of S&S, that the Book would be geared to a network of African-American readers only instead of being published for a mainstream audience.[9]  Cain disagreed with this approach. Cain alleges that Hunter, on behalf of S&S, told Cain that S&S "did not create a publishing company for people that looked like her."[10]  When pushed by Cain to explain what that meant, Hunter stated that "S&S did not create their publishing company for black people."[11]  Subsequently, Cain contacted Louise Burke of S&S to inform her of Hunter's comments.  Cain alleges that Burke informed her that she was responsible for Hunter and that Hunter had the authority from S&S to reject Cain's book publishing deal.[12]

---

[7]      *See id.* ¶¶ 16-18.

[8]      *See id*. ¶ 20.

[9]      *See id.*

[10]     *Id.* ¶ 21.

[11]     *Id.*

[12]     *See id*. ¶ 23.

Cain alleges that Hunter, as an agent and/or employee of S&S, violated her civil rights in deciding to aim publication of the book toward African-Americans instead of a mainstream audience, as initially proposed.[13]  Further, Cain alleges that after she met with Hunter, Hunter changed the original agreement because of racial bias.[14]  As a result of defendants' discriminatory conduct, Cain alleges that she has suffered damages and continues to suffer irreparable harm and injury, extreme mental anguish, emotional distress, humiliation and embarrassment.[15]

### B.     Procedural History

On August 16, 2012, this Court entered a scheduling order setting forth several deadlines, including November 15, 2012, as the deadline for responses to defendants' document requests.[16]  Defendants served Cain with the first set of interrogatories and requests for documents on September 14, 2012, with responses due October 15, 2012.[17]  Defendants allege that Cain failed to produce

---

[13]     *See id.* ¶ 25.

[14]     *See id.* ¶ 26.

[15]     *See id.* ¶¶ 28-30.

[16]     *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Def. Mem.") at 4.

[17]     *See id.*

the requested documents and did not respond to at least five written requests

between October 22 and November 21, 2012, asking for this production.[18]

On November 28, 2012, Cain, through her counsel, produced an

incomplete set of responses to S&S's discovery requests.[19]  Counsel for S&S

advised plaintiff's counsel of these deficiencies and requested full compliance

before Cain's scheduled December 18, 2012 deposition.[20]   In light of S&S's failed

attempts to get discovery responses from Cain, defendants sent this Court a letter

dated December 11, 2012.[21]  KHP's counsel also joined in the request for judicial

intervention.  Cain's counsel did not respond to these letters.  Subsequently, on

December 17, 2012,  this Court held a teleconference with counsel for all parties

regarding the outstanding discovery requests. [22]  This Court directed Cain's counsel

to respond to all outstanding discovery requests by December 28, 2012. [23]

Defendants maintain that they did not receive any further responses from plaintiff.

---

[18]        *See id.*

[19]        *See id.*

[20]        *See id.* at 2.

[21]        *See id.*

[22]        *See id.* at 3.

[23]        *See id.*

On January 2, 2013, S&S was granted leave to file the instant motion to dismiss for failure to prosecute, in which KHP's counsel joined. [24]

Cain, now proceeding *pro se*, submitted a letter to the Court dated January 16, 2013, stating that she first became aware on January 11, 2013 of her counsel's repeated failures to respond. Cain's counsel moved to withdraw on February 1, 2013 – after the instant motion was filed.[25] Cain alleges that she was unaware of any outstanding discovery requests and that she had provided her attorney with all the documents that he had asked her to provide.

## III.   APPLICABLE LAW

### A.   Failure to Prosecute

A district court has the authority under Rule 41(b) to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of the court."[26] However, dismissal on these grounds is a harsh remedy and should only be permitted in extreme situations.[27] "Furthermore, the Second Circuit has instructed courts to accord *pro se* plaintiffs particular leniency in procedural

---

[24]     *See id.*

[25]     *See* Docket No. 55.

[26]     Fed. R. Civ. P. 41(b).

[27]     *See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001).

matters such as these."[28]   "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning."[29]   Further, "notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court . . . ."[30]

Courts apply a five-factor test in determining whether to dismiss an action for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[31]

---

[28]   *Davis v. Rowe*, No. 10 Civ. 220, 2011 WL 3159133, at *1 (N.D.N.Y. July 26, 2011) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

[29]   *Jacobs v. County of Westchester*, No. 99 Civ. 4976, 2008 WL 199469, at *3 (S.D.N.Y.  Jan. 22, 2008).

[30]   *Lucas*, 84 F.3d at 535.

[31]   *Conti v. Town of Warwick Zoning Bd.*, 80 Fed. App'x 712, 713 (2d Cir. 2003).

No single factor is dispositive in determining the proper outcome. Instead, a court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b).[32]

"There is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted."[33] In general, failure to prosecute for durations between two and five months have been found to be insufficiently long to weigh in favor of dismissal, while durations of five to eight months are usually sufficient.[34] Factors such as the violation of court orders, failure to respond to motions, and failure to appear at scheduled conferences may be considered in determining what length of time is appropriate.[35]

### B.    Rule 37(b)(2)

Rule 37(b)(2) states, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including "(iii) striking pleadings in whole or in part."[36] This Rule grants a

---

[32]    *See Davis*, 2011 WL 3159133, at *2. *See also United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

[33]    *Feurtado v. City of New York*, 225 F.R.D. 474, 479 (S.D.N.Y. 2004).

[34]    *See Davis*, 2011 WL 3159133, at *2.

[35]    *See Feurtado*, 225 F.R.D. at 479.

[36]    Fed. R. Civ. P. 37(b)(2).

district court the power to impose sanctions, including dismissal, for failure to comply with discovery orders.[37]

Courts weigh four factors in determining whether to dismiss an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."[38]

Similar to dismissal under Rule 41(b), "dismissal 'is a drastic remedy that should be imposed only in extreme circumstances,'"[39] and only where there is "willfulness, bad faith, or reasonably serious fault."[40]  For example, when a plaintiff ignores multiple court orders that explicitly warn of possible dismissal, dismissal of the complaint is within the court's discretion.[41]

---

[37]     *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

[38]     *Id.* (quotation marks and citations omitted).

[39]     *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) *(*quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal citations omitted)).

[40]     *Commercial Cleaning Servs. L.L.C. v. Colin Serv. Sys. Inc*., 271 F.3d 374, 386 (2d Cir. 2001).

[41]     *See, e.g., Reinhardt v. United States Postal Serv*., 150 Fed. App'x 105, 107 (2d Cir. 2005).

### C.    Sanctions Under 28 U.S.C. § 1927

Section 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[42]   Section 1927 authorizes sanctions "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," and upon "a finding of conduct constituting or akin to bad faith."[43]

> The Second Circuit also has imposed a procedural requirement of notice and an opportunity to be heard. This requires that the party facing possible sanctions receive notification of (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered. With regard to the opportunity to be heard, depending on the circumstances, "a full evidentiary hearing is not required[, and] the opportunity to respond by brief or oral argument may suffice."[44]

---

[42]    28 U.S.C. § 1927.

[43]    *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (citing *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted)).

[44]    *Higgins v. NYP Holdings, Inc*, 836 F. Supp. 2d 182, 195 (S.D.N.Y. Dec. 7, 2011) (quoting *Gollomp*, 568 F.3d at 368).

## IV.   DISCUSSION

### A.   Failure to Prosecute

#### 1.   Duration

The duration of the failure to prosecute requires a two part inquiry: (1) whether the failures were those of Cain; and (2) whether they were of significant duration.[45]  Defendants argue that Cain's failure to prosecute began with the failure to comply with the Court's August 16, 2012 scheduling Order setting November 15, 2012 as the discovery deadline to produce responsive documents to S&S. Cain's counsel then submitted incomplete responses on November 28, 2012. Defendants argue that there was continued noncompliance after this Court ordered production by December 28, 2012.

While the failure to submit responses to defendants' document requests may be those of Cain's former attorney, Cain remains responsible for this failure.  The duration of the failure to submit significant discovery is noteworthy. However, it is unclear whether Cain was aware that her counsel was unresponsive to these discovery requests.  Cain alleges she was unaware of outstanding discovery requests and that she had complied with her counsel's request for all relevant documents.  Cain's January 16, 2013 letter to the Court states that she only

---

[45]      *Jacobs*, 2008 WL 199469, at *4 (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

became aware of her counsel's repeated failures to respond on January 11, 2013.

She alleges that as soon as she was aware of her counsel's deficiencies, she

contacted this Court and removed Dratch as her counsel.  Since then, she has

complied with this Court's directive to submit an affirmation in opposition to the

instant motion.  Cain states she is willing to provide defendants with all

outstanding discovery and that she will be available for deposition forthwith.

Because Cain appears to have a continued interest in prosecuting her case, the

delay is too short to warrant the drastic remedy of dismissal.  Accordingly, this

factor does not weigh in favor of dismissal.

### 2.    Notice to Plaintiff

Next, "[a] court's prior warning of dismissal, and subsequent inaction

by plaintiff, weighs in favor of dismissal."[46]   Defendants argue that Cain, through

her counsel, was notified by the Court of the consequences of further

noncompliance and, therefore, dismissal is warranted.  The only direct warning this

Court issued Cain was that regardless of whether she found an attorney or

proceeded *pro se* – the opposition to the instant motion was due on March 15, 2013

– and that failure to submit opposition papers would lead to a decision based solely

on defendants' submissions.  Cain complied and submitted timely opposition

---

[46]    *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344,
353 (S.D.N.Y. 2005).

papers.  This Court has never warned Cain since she became *pro se* that her case was in jeopardy of being dismissed for failure to follow Court orders.  Therefore, this factor does not weigh in favor of dismissal.

### 3.    Prejudice to Defendant

A court must next determine whether the defendants are likely to be significantly prejudiced if the case is further delayed.  There is no evidence that the instant delay has prejudiced defendants in a manner that outweighs plaintiff's interests.  Although discovery remains ongoing allegedly due to counsel's failures, the costs of litigating this matter have not been so substantial as to outweigh the rights of a now *pro se* litigant.  Nor have defendants shown how the delay has created significant costs of organizing and preserving evidence.  Therefore, this factor does not weigh in favor of dismissal.

### 4.    Inconvenience to the Court

While this Court handles its docket in an efficient and timely manner, permitting this action to remain on the docket does not sufficiently burden the Court to warrant dismissal at this time.  Therefore, this factor does not weigh in favor of dismissal.

### 5.    Lesser Sanctions

Finally, a court must consider lesser sanctions, but is not required to

impose them if they are inappropriate or ineffective.[47]   As plaintiff is currently

proceeding *pro se*, monetary sanctions are not appropriate at this time.

### 6.     Balancing the Five Factors

Having considered the five factor analysis, dismissal of plaintiff's

case for failure to prosecute is not appropriate at this time.  Therefore, defendants'

motion to dismiss for failure to prosecute is denied without prejudice.

### B.     Rule 37(b)(2)

A weighing of the four factors governing Rule 37(b)(2) motions

similarly reveals that none of them favor dismissal.  *First,* it is unclear whether or

not Cain's noncompliance was willful, as she asserts that she was unaware of her

counsel's failure to supply adequate discovery.  Cain contends that her attorney

was negligent and she was unaware until January 11, 2013 that there were any

deficiencies in her discovery responses.  Cain maintains that she gave her counsel

all requested discovery and that she had expected to appear for her deposition on

December 18, 2012.  The remaining factors have been discussed with regard to

Rule 41(b).

The Second Circuit has held that a case should not be dismissed under

Rule 37(b)(2) unless the district court first informs the *pro se* litigant that a

---

[47]     *See Jacobs,* 2008 WL 199469, at *5 (citing *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).

violation of a court-ordered discovery order may result in dismissal.[48]   Here, Cain

was represented by counsel until February 1, 2013.  Thus, it would be unfair to

penalize plaintiff, in her *pro se* capacity, for discovery failures allegedly resulting

from the inaction of her counsel while she was represented.[49]  Nor has this *pro se*

plaintiff been issued a prior warning that dismissal could result by continued

noncompliance.  In sum, none of the four factors weigh in favor of dismissing

Cain's Complaint under Rule 37(b)(2).

### C.   Sanctions Pursuant to 28 U.S.C. § 1927

Defendants argue that they are entitled to attorney's fees incurred by

plaintiff's failure to complete discovery by December 28, 2012, as this Court

ordered counsel to do.  However, Cain was not given adequate notice, in her *pro se*

capacity, that she could be facing such sanctions.  Therefore, sanctions pursuant to

section 1927 are inappropriate at this time.

## V.   CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is hereby

denied. The Clerk of the Court is directed to close this motion (Docket No. 51). A

---

[48]    *See Agiwal*, 555 F.3d at 302 (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

[49]    *See Simon-Grimes v. Pathmark Stores, Inc.*, No. 06 Civ. 13722, 2007 WL 2489654, at *1 (S.D.N.Y. Aug. 31, 2007).

For the reasons set forth above, defendants' motion to dismiss is hereby denied. The Clerk of the Court is directed to close this motion (Docket No. 51). A conference is scheduled for April 25, 2013 at 4:30 PM. **If plaintiff fails to appear, with or without counsel, defendants will be permitted to reinstate their motion to dismiss for failure to prosecute.**

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
       April 15, 2013

-16-

**-Appearances-**

**Plaintiff (Pro Se):**

Inez Cain
c/o Henry Hewes Stern & Hewes
515 Madison Avenue, 22nd Floor
New York, NY 10022
(646) 418-2186

**Plaintiff's Former Counsel:**

Brian M. Dratch, Esq.
Franzlau Dratch, P.C.
233 Broadway, Suite 2701
New York, NY 10279
(212) 571-1808

**For Defendant Simon & Schuster:**

Michael J. Goettig, Esq.
Laura Sack, Esq.
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7781/6960

**For Defendant Karen Hunter and Karen Hunter Publishing:**

Russell M. Yankwitt, Esq.
Yankwitt & McGuire, LLP
140 Grand Street, Suite 501
White Plains, NY 10601
(914) 686-1500